Eastern District of Kentucky
**FILED**

APR 2 3 2025

At Pikeville
Robert R. Carr
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## PIKEVILLE

**CRIMINAL ACTION NO. 7:24-CR-026-DCR**

UNITED STATES OF AMERICA      PLAINTIFF

V.      **PLEA AGREEMENT**

DENNIS ARNOLD LYONS,
   aka DINO      DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts Four and Five of the Indictment. Count Four charges a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute controlled substances, including 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance. Count Five charges a violation of 18 U.S.C. § 924(c)(1)(A), knowingly possessing a firearm in furtherance of a drug trafficking offense. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts One, Two, Three, and Six. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count Four are:

(a) The Defendant knowingly and intentionally possessed controlled substances, including a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance;

(b) The Defendant had the intent to distribute such substances; and

(c) The offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 100 grams or more of a mixture or substance containing a detectable amount of heroin; and

The essential elements of Count Five are:

(a) That the Defendant committed the crime of possession with the intent to distribute controlled substances, a drug trafficking offense which may be prosecuted in a court of the United States;

(b) That the Defendant knowingly possessed a firearm; and

(c) That the possession of this firearm was in furtherance of the aforementioned drug trafficking offense.

(i) The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged considering the following non-exhaustive factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found.

3. As to Counts Four and Five, the United States could prove the following facts, among others, that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) The Defendant, a Georgia resident, regularly traveled to the Eastern District of Kentucky to distribute methamphetamine and heroin. Law

enforcement used a confidential informant to purchase controlled substances on the following dates and amounts: November 4, 2024 (109.4 grams of methamphetamine), November 8, 2024 (177.2 grams of methamphetamine and 2.052 grams of heroin), and November 18, 2024 (113.8 grams of methamphetamine).

(b) On or about December 13, 2024, in Perry County, law enforcement conducted a traffic stop on a vehicle in which the Defendant was the driver. Law enforcement had been notified by an informant that the Defendant was traveling into the area. During a search of the vehicle, law enforcement located two loaded handguns in the center console of the vehicle. Under the vehicle, secreted in a spare tire, law enforcement located 1,863 grams of methamphetamine and 200.046 grams of heroin. The Defendant possessed these controlled substances and had traveled into the Eastern District of Kentucky with the intent to distribute them to others. The Defendant, a convicted felon who was not legally permitted to possess firearms, also possessed the handguns in order to protect himself from the dangers associated with drug trafficking, including robbery of drugs and drug proceeds.

4. The statutory punishment for Count Four is not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years of supervised release. The statutory punishment for Count Five is not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release. A mandatory special assessment of $200.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a)    The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes between 3,000 kilograms and 10,000 kilograms of a converted drug weight, which corresponds to a base offense level of 32.

    (c)    No other specific offense characteristics within U.S.S.G. § 2D1.1 apply.

    (d)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.    The United States will not seek a variance above the correctly calculated guideline range as determined by the Court at the time of sentencing. In addition, if the Defendant's criminal history category, as determined by the Court, does not exceed Category IV, the United States agrees not to seek a sentence in excess of 181 months.

7.    No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8.    The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9.    The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty

plea, conviction, and sentence.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Superseding Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may have already submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct

from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 4/23/25    By: _____
Andrew H. Trimble
Assistant United States Attorney

Without Prejudice UCC 1-308
LYONS, DENNIS-Arnold TDC

Date: 4/23/2025    _____
Dennis Arnold Lyons
Defendant

Date: 4/23/2025    _____
Noah Robert Friend
Attorney for Defendant

6